Filing # 84398951 E-Filed 02/04/2019 09:16:24 PM

CV-B

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

LATIKA HILL, as Personal
Representative of the Estate of
JEROME ALLEN, Jr., Deceased,

        Plaintiff,

vs.

The CITY OF JACKSONVILLE; THE
JACKSONVILLE SHERIFF'S OFFICE;
MIKE WILLIAMS, in his official
capacity as Sheriff of the
Consolidated City of Jacksonville and
Duval County, Florida; and Officer Kyle Kvies,
Officer Lance Griffis, Officer Brian Turner, and Sergeant Clayton Short,

        Defendants.
_____/

## COMPLAINT

Plaintiff, Latika Hill, as Personal Representative of the Estate of Jerome Allen, Jr., Deceased, by and through their undersigned attorney, hereby files this Complaint against Defendants City of Jacksonville, the Jacksonville Sheriff's Office, the Honorable Mike Williams, in his official capacity as Sheriff of the Consolidated City of Jacksonville and Duval County, Florida and Officer Kyle Kvies, Officer Lance Griffis, Officer Brian Turner, and Sergeant Clayton Short, and alleges:

1.     This is an action for damages in excess of $75,000.00, exclusive of interest and costs and is brought under the provisions of the Florida Wrongful Death Act, Section 768.16, et seq., Florida Statutes and Section 768.28, Florida Statutes; and pursuant to 42 U.S.C. §1983 and

ACCEPTED: DUVAL COUNTY, RONNIE FUSSELL, CLERK, 02/06/2019 11:05:06 AM

1988 and 28 U.S.C. §1331 and 1343, and the Fourth and Fourteenth Amendments to the Constitution of the United States. Paragraphs 1 through 18 are applicable to each count herein.

2. All conditions precedent to the assertion of the claims stated herein have been performed or have occurred, specifically including all conditions precedent set forth in Section 768.28, Florida Statutes.

3. The Plaintiff Latika Hill is a resident and citizen of the State of Florida and is the duly qualified and acting Personal Representative of the Estate of Jerome Allen, Jr., Deceased, by virtue of her appointment by the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. At the time of his death, the Decedent was a citizen and resident of the State of Florida.

4. The Defendant City of Jacksonville is the consolidated local government of Duval County, Florida, organized and existing under the Constitution of the State of Florida, and is responsible for the public safety within its boundaries.

5. The Defendant Jacksonville Sheriff's Office ("JSO") is an agency of the consolidated City of Jacksonville.

6. Defendant Mike Williams is, and at all material times was, the Sheriff of the Consolidated City of Jacksonville and Duval County, Florida. In his official responsibility as Sheriff, Defendant Williams was responsible for the supervision, training, instruction, discipline, control and conduct of police officers of the JSO, and further makes policy for JSO with respect to the use of force. At all times material, Defendant Williams had the power, right and duty to train and control his officers, agents and employees to conform with the Constitution of the United States and to ensure that all orders, rules, instructions and regulations promulgated for JSO were

2

consistent with the Constitution of the United States. At all times material, Defendant Williams, his agents and employees acted under color of State law.

7. Defendant JSO Sergeant Clayton Short, is and at all material times was, an officer acting within the course and scope of his employment by the JSO and the City of Jacksonville. At all times material, Defendant Short acted in conformance with the policy of Defendant Williams and the JSO and acted under color of State law.

8. Defendant JSO Officer, Kyle Kvies, is and at all material times was, an officer acting within the course and scope of his employment by the JSO and the City of Jacksonville. At all times material, Defendant Kvies acted in conformance with the policy of Defendant Williams and the JSO and acted under color of State law.

9. Defendant JSO Officer, Lance Griffis, is and at all material times was, an officer acting within the course and scope of his employment by the JSO and the City of Jacksonville. At all times material, Defendant Griffis acted in conformance with the policy of Defendant Williams and the JSO and acted under color of State law.

10. Defendant JSO Officer, Brian Turner, is and at all material times was, an officer acting within the course and scope of his employment by the JSO and the City of Jacksonville. At all times material, Defendant Turner acted in conformance with the policy of Defendant Williams and the JSO and acted under color of State law.

11. On February 6, 2017, Defendant JSO Officer Kvies, Griffis, and Turner occupied a vehicle while purportedly being involved in a low-level drug buy. The location was near the intersection of 5th Street and Barnett Street, Jacksonville, Florida, at approximately 9:52 p.m.

12. It is alleged that the Deceased Jerome Allen, Jr. approached the officers'

vehicle in an attempt to rob the occupants and pulled a gun which turned out to be a fake gun.

13. Defendant Turner shot at Mr. Allen, Jr. seven times and struck him at least two times, resulting in Mr. Allen, Jr.'s death.

14. Immediately, following the shooting, the officers discussed and removed alcoholic beverages from their vehicle.

15. Officers Kvies, Grifffis, and Turner were later arrested for the charges of Tampering with Evidence and Criminal Conspiracy.

16. Additionally, Sergeant Clayton Short was the Supervisor on Duty at the time of this incident. Sergeant Short failed to conform to the policies of JSO. Sergeant Short was reassigned within the Jacksonville Sheriff's Office.

17. Mr. Jerome Allen, Jr. died as a direct and proximate result of the Defendants' negligence and wrongful conduct as hereinafter alleged.

18. As a result of the death of Mr. Allen, Jr. as alleged herein, the Estate of Jerome Allen, Jr. has incurred medical and funeral expenses and has suffered other damages recoverable under Section 768.21, Florida Statutes, including the loss of net accumulations.

## COUNT ONE: NEGLIGENCE OF JSO AND THE CITY OF JACKSONVILLE

19. Paragraphs 1 through 18 are hereby re-alleged and incorporated by reference.

20. The Defendants JSO and the City of Jacksonville, by and through their law officers, agents and employees, had the duty to use reasonable care in the exercise

of deadly force in Jacksonville, regarding the Decedent. Notwithstanding that duty undertaken, the Defendants did or failed to do one or more of the following acts, any one or more of which were a violation of the duty of reasonable care:

    a. Defendant Turner failed to conform to the following policies of the JSO, including but not limited to:

    1. General Order LXXII.O (72), Section V (Deadly Force Policy);

    11. General Order LXXII.O (72), Section XV (Firearms Policy);

    111. All policies related to drinking alcohol while on duty or performing an undercover operation.

    1V. All policies related to committing any criminal activity while on duty or performing an undercover operation.

    V. All policies on tampering with evidence.

    b. Defendant Turner used deadly force in the absence of appropriate conditions for the use of such deadly force;

    c. Defendant Turner used excessive force under all the relevant surrounding facts and circumstances;

    d. The Defendants failed to properly train Officer Turner in the use of deadly force during a traffic stop;

    f. The Defendants failed to properly supervise Officer Turner in the use of deadly force;

  g. Defendants Kvies, Grifffis, and Turner's drinking on duty resulted in the excessive deadly force use and/or the failure to refrain from such actions and/or the cover-up of all related preceding and subsequent actions.

21. As a direct and proximate result of the negligence of the Defendants as alleged herein, the Decedent's estate and survivors sustained the losses, injuries and damages alleged in paragraph 18 hereof.

WHEREFORE, Plaintiff Latika Hill, as Personal Representative of the Estate of Jerome Allen, Jr., Deceased, demands judgment against the Defendants the City of Jacksonville and the Jacksonville Sheriff's Office, and each of the named officers for damages in excess of $75,000, together with the costs of this action.

## COUNT TWO: UNREASONABLE SEIZURE BY DEFENDANTS KVIES, GRIFFIS, AND TURNER

22. Paragraphs 1 through 18 are hereby re-alleged and incorporated by reference.

23. The conduct of Defendant Turner in fatally shooting Mr. Allen constituted an unreasonable seizure of Mr. Allen, Jr.'s person, which is actionable under 42 U.S.C. §1983, as a violation of the Fourth and Fourteenth Amendments to the Constitution of the United States. Defendants Kvies and Griffis are also responsible via their conduct although they did not pull the trigger.

24. The actions or inactions alleged above were undertaken with Defendants Kvies, Griffis, and Turner's willful, wanton, callous and knowing disregard to the clearly established rights of Mr. Allen, Jr. to be free from unreasonable seizures.

to the clearly established rights of Mr. Allen, Jr. to be free from unreasonable seizures.

25.   As a direct and proximate result of the wrongful conduct of Defendants Kvies, Griffis, and Turner as alleged herein, Mr. Allen, Jr.'s estate sustained damages including, but not limited to, the losses, injuries and damages alleged in paragraph 18 hereof.

WHEREFORE, Plaintiff Latika Hill, as Personal Representative of the Estate of Jerome Allen, Jr., Deceased, demands judgment against the Defendants Kvies, Griffis, and Turner for:

(a)   Actual and compensatory damages;

(b)   Punitive damages;

(c)   An award of attorneys' fees and costs;

(d)   Any other relief that this Court deems just and proper.

## COUNT THREE: MUNICIPAL LIABILITY FOR UNREASONABLE SEIZURE

26.   Paragraphs 1 through 18 are hereby re-alleged and incorporated by reference.

27.   There exists a documented history within the Jacksonville Sheriff's Office of unjustified shootings carried out by JSO officers, and a practice of allowing such shootings to continue without consequences for the officers involved in said shootings, and without steps to diminish future such incidents.

28.   Defendant Williams, his agents and employees, acting within their authority and under color of State law, instituted and followed customs, practices, and policies which directly resulted in the unreasonable seizure of the decedent's person,

7

which is actionable under 42 U.S.C. §1983, as a violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

29. Additionally, by failing to adequately discipline his officers for their unlawful actions and inactions, Defendant Williams has ratified his officer's decisions and said officer's reasons for those decisions, thus constituting a policy, custom, and/or practice. Alternatively, Defendants Kvies, Griffis and Turner, while acting on the scene, were the final policymakers for Defendant Williams as the decisions were not immediately or effectively reviewable.

30. Additionally, Defendant Williams failed to adequately train his agents and employees with respect to the use of deadly force at unknown risk and/or high risk traffic stops despite a clear and obvious need for such training, reflecting a deliberate indifference to the constitutional rights of the decedent, thus constituting a custom, practice and/or policy.

31. Additionally, there exists a widespread practice by which members of JSO shoot citizens under circumstances where such shootings are unjustified. This pattern of unconstitutional conduct is sufficiently pervasive that Defendant Williams is aware of said conduct and its need to be corrected with a change in training and/or with additional training, and whose failure in his official capacity as policymaker to correct the situation with a change in training is deliberately indifferent to said unconstitutional practice. The aforementioned customs, practices, and policies were the moving force of the constitutional deprivations suffered by the Decedent.

32. As a direct and proximate result of the wrongful conduct alleged herein, Mr. Allen, Jr.'s estate and survivors sustained damages including, but not limited to, the

WHEREFORE, Plaintiff, Latika Hill, as Personal Representative of the Estate of Jerome Allen, Jr., Deceased, demands judgment against the Defendant Sheriff Williams, in his official capacity, for:

(a) Actual and compensatory damages;

(b) Punitive damages;

(c) An award of attorneys' fees and costs;

(d) Any other relief that this Court deems just and proper.

### COUNT FOUR: DEFENDANTS KVIES AND GRIFFIS FAILURE TO INTERVENE

33. Plaintiffs re-allege paragraphs 1 through 18 as if fully set forth herein.

34. Defendants Kvies and Griffis were seated in the vehicle with Defendant Turner when Defendant Turner fired his weapon. Instead of intervening, Defendants Kvies and Griffis took no action to stop or prevent this illegal seizure and excessive force although Defendants Kvies and Griffis were in a position to stop this escalation and had time to do so.

35. Defendants Kvies and Griffis were in a position to stop and prevent Defendant Turner's violation of Mr. Allen, Jr.'s constitutional rights immediately. Defendants Kvies and Griffis failed or refused to stop or intervene on Mr. Allen, Jr.'s behalf even though Defendants Kvies and Griffis had time to do so.

36. Therefore, Defendants Kvies and Griffis are directly liable for the subsequent unreasonable applications of force applied by Defendant Turner.

37. Defendants Kvies and Griffis likely participated in drinking alcohol while on duty during or near the time of the incident. This alcohol intake likely affected the decisions of all officers involved. In fact, the officers took great pains to commit a felony to hide the alcoholic containers.

alcoholic containers.

38. Defendants Kvies and Griffis conduct was deliberately indifferent to Mr. Allen, Jr.'s clearly established rights.

39. As a direct, proximate and foreseeable result of the acts and omissions of Defendants Kvies and Griffis, Mr. Allen, Jr.'s estate sustained damages including, but not limited to, the losses, injuries and damages alleged in paragraph 18 hereof.

WHEREFORE, Plaintiff, Latika Hill, as Personal Representative of the Estate of Jerome Allen, Jr., Deceased, demands judgment against the Defendant Sheriff Williams, in his official capacity, for:

(a) Actual and compensatory damages;

(b) Punitive damages;

(c) An award of attorneys' fees and costs;

(d) Any other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues.

Respectfully submitted,

*Rhonda Peoples-Waters*

Rhonda Peoples-Waters, Esquire
FL Bar No. 0186848
Rhonda Peoples-Waters, P.A
625 West Union Street, Suite 2
Jacksonville, FL 32202
T: 904-355-6002
F: 904-355-6006
rhonda@justicerpw.com
Attorney for Plaintiff

10